ROBERT P. REEDER and JOHN D. FLAHERTY, Plaintiffs Below-Appellants,
v.
THE HONORABLE NANCY WAGNER, DR. MICHAEL THOMAS and STATE OF DELAWARE AUDITOR OF ACCOUNTS R. THOMAS WAGNER, JR., Defendants Below-Appellees.
No. 435, 2008.
Supreme Court of Delaware.
Submitted: April 10, 2009.
Decided: June 2, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 2nd day of June 2009, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The plaintiffs filed this appeal from an order of the Superior Court dismissing their complaint for lack of standing and lack of an actual controversy. We find no merit to the plaintiffs' appeal. Accordingly, we affirm the Superior Court's judgment below.
(2) The record reflects that the plaintiffs initially filed suit in the Court of Chancery in April 2007 against State of Delaware Auditor of Accounts Thomas Wagner ("Auditor Wagner"), Capital School District Board of Education Superintendent Dr. Michael Thomas ("Dr. Thomas"), and then-State Representative Nancy Wagner ("Nancy Wagner").[1] The complaint sought declaratory relief for alleged violations of the State of Delaware Compensation Policy,[2] which, among other things, prohibits a State employee from receiving payment from more than one tax-funded source for working coincident hours of the day. The complaint also sought declaratory relief for Auditor Wagner's alleged failure to audit State employee time records, as required by 29 Del. C. §§ 2907(a) and 5823(a). The basis for plaintiffs' complaint was the allegation that the Capital School District improperly paid Nancy Wagner, who was a part-time state legislator as well as a former Dover High School teacher, for her planning periods during several school days in February and March of 2006, which she allegedly spent at Legislative Hall.
(3) After reviewing the defendants' respective motions to dismiss the complaint, the Court of Chancery concluded that the remedies sought in the complaint were legal in nature and, therefore, transferred the case to the Superior Court pursuant to 10 Del. C. § 1902. In the Superior Court, the defendants again moved to dismiss the complaint under Superior Court Civil Rules 12(b)(1) and (6) on the grounds that the plaintiffs lacked standing, the Superior Court lacked subject matter jurisdiction under the Declaratory Judgment Act, and sovereign immunity. After holding a hearing on the defendants' motions to dismiss, the Superior Court held that the plaintiffs lacked standing, individually or as taxpayers, to pursue their claims. The trial court further held that plaintiffs failed to establish an actual controversy because Nancy Wagner no longer worked for Capital School District. Moreover, even if an actual controversy was established, the Superior Court held that it would have declined to exercise its discretion to grant declaratory relief because the relief would not have ended the controversy.[3] This appeal followed.
(4) In their opening brief on appeal, the plaintiffs contend that the Superior Court erred in dismissing their complaint because: (i) they do have standing as taxpayers to pursue their claims; (ii) there is an actual controversy; and (iii) a decision on their complaint would resolve the controversy. The plaintiffs contend that the Superior Court erred when it determined that the case law cited by plaintiffs to support their standing argument[4] was not persuasive or applicable.
(5) The party seeking to invoke the jurisdiction of a court bears the burden of establishing the elements of standing.[5] To establish standing, in the absence of a specific statutory grant, a plaintiff must demonstrate that: (i) the plaintiff has suffered an `injury-in-fact,' i.e., a concrete and actual invasion of a legally protected interested; (ii) there is a causal connection between the injury and the conduct complained of; and (iii) it is likely the injury will be redressed by a favorable court decision.[6] Even absent the showing of a particularized injury, however, this Court has recognized in certain cases that a plaintiff may have standing, as a taxpayer, to enjoin the unlawful expenditure of public money or the misuse of public property.[7] In this case, the plaintiffs argue that their standing to bring their complaint for declaratory relief arises from their rights, as taxpayers, to challenge the allegedly illegal disbursement of State funds.
(6) We disagree. Taxpayer standing in Delaware is "reserved for a narrow set of claims involving challenges either to expenditure of public funds or use of public lands."[8] In this case, the plaintiffs were not seeking to enjoin the misuse of public money or lands. Instead, they were seeking an advisory opinion from the Superior Court reflecting their interpretation of certain statutes and to compel Auditor Wagner to perform his discretionary audit functions in a particular way to re-audit one specific former State employee's wages. To allow plaintiffs to pursue their claims, which do not fall within the scope of recognized taxpayer standing cases, would "impermissibly expand the scope of claims recognized under taxpayer standing doctrine in Delaware (thereby not only eviscerating traditional notions of standing analysis where challenges to governmental conduct are concerned, but also undermining certain principles of separation of powers, as well)."[9] We decline to expand the taxpayer standing doctrine as plaintiffs request.
(7) After careful consideration, we find no error in the Superior Court's dismissal of the plaintiffs' complaint for lack of standing. Accordingly, we will not address the plaintiffs' remaining arguments.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Reeder had filed a similar lawsuit in 2006 against Nancy Wagner only. That complaint demanded injunctive relief to stop Wagner's receipt of alleged double-payments and monetary relief in the form of Wagner's reimbursement to the State Treasury of the alleged double-payments. In that case, the Superior Court dismissed Reeder's lawsuit on the ground that he cited no authority that would give him standing to sue. Reeder v. Wagner, 2006 WL 3501664 (Del. Dec. 4, 2006). In fact, the Superior Court noted, Reeder did not contest that he lacked standing. Id at *2. Reeder did not appeal the dismissal of that complaint.
[2] Del. Code Ann. tit. 29, §§ 5821-23.
[3] During the hearing, Reeder indicated that he was not requesting any money to be repaid to the State "at this time." Reeder stated that, if the Superior Court granted declaratory relief by interpreting the relevant statutes in accordance with Reeder's views, then Reeder intended to ask the Attorney General to seek reimbursement of the alleged dual payments. Reeder indicated that he might file suit seeking the reimbursement if the Attorney General refused to act.
[4] The plaintiffs argued that the decisions in City of Wilmington v. Lord, 378 A.2d 635 (Del. 1977) and Richardson v. Blackburn, 287 A.2d 823 (Del. Ch. 1963) gave them taxpayer standing to pursue their complaint.
[5] Dover Historical Soc'y v. City of Dover Planning Comm'n, 838 A.2d 1103, 1110 (Del. 2003).
[6] Id.
[7] City of Wilmington v. Lord, 378 A.2d at 637.
[8] O'Neill v. Town of Middletown, 2006 WL 205071 (Del. Ch. Jan. 18, 2006) (citing City of Wilmington v. Lord, 378 A.2d at 638).
[9] Id. at *7.